UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

| | |
|---|---|
| ALBA QUINTERO, and other similarly situated individuals, | )<br>)<br>) |
| Plaintiff(s), | )<br>) |
| v. | )<br>) |
| D.T.M. ENTERPRISES, INC. d/b/a CAFE FARAY and ESTEBAN MUNNE, | )<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs, ALBA QUINTERO ("Plaintiff") and other similarly situated individuals, sue the Defendants, D.T.M. ENTERPRISES, INC. d/b/a CAFE FARAY and ESTEBAN MUNNE (collectively the "Defendants") and allege:

**JURISDICTION**

1. This is an action to recover money damages for unpaid overtime and minimum wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

**VENUE**

2. Plaintiff is a covered employee for purposes of the Act.

3. D.T.M. ENTERPRISES, INC. d/b/a CAFE FARAY (the "Corporate Defendant") and ESTEBAN MUNNE (the "Individual Defendant"), are a Florida company and a Florida



www.saenzanderson.com

1

resident, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Miami-Dade, Florida.

**COUNT I: WAGE AND HOUR VIOLATION BY D.T.M. ENTERPRISES, INC. d/b/a CAFE FARAY (OVERTIME AND MINIMUM WAGES)**

4.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5.  This action is brought by Plaintiff to recover from Corporate Defendant unpaid minimum wages and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6.  29 U.S.C. § 206 (a) (1) states "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]".  On July 24, 2007 Federal minimum wage was raised to $5.85/hr.  On July 24, 2008, Federal minimum wage was raised to $6.55/hr.  On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

7.  The Act provides minimum standards that may be exceeded, but cannot be waived or reduced.  Employers must comply, for example, with any Federal, State or municipal laws,


www.saenzanderson.com

2

regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

8. In Florida, the minimum wage in 2018 was $8.25 per hour; in 2019 was $8.46 per hour; and in $2020 is $8.56 per hour.

9. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

10. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies.

11. The Corporate Defendant is a restaurant and cafeteria.



12. The Corporate Defendant also operates gambling machines inside the restaurant, but in the back area, where it collects cash and makes enough money to satisfy the $500,000 per year enterprise coverage element of this action.

13. Through its business activities, the Corporate Defendant, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a server, cook and cashier for the Corporate Defendant's business. During her employment, Plaintiff also provided janitorial services, prepared sandwiches and maintenance to Defendant's gambling machines.

14. While employed by the Corporate Defendant, Plaintiff worked approximately an average of 54 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which she was employed.

15. Every two weeks, Plaintiff worked Mondays through Saturdays, and averaged more than 54 hour per week.

16. Plaintiff was employed as a server, cook and cashier performing the same or similar duties as that of those other similarly situated servers, cooks and cashiers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

17. Plaintiff worked for the Corporate Defendant from approximately **June 5, 2018** through **February 13, 2020**. In total, Plaintiff worked approximately 89 compensable weeks under the Act, or 89 compensable weeks if we count 3 years back from the filing of the instant action.

18. The Corporate Defendant paid Plaintiff on average approximately $25 per day.

19. However, the Corporate Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week. In addition, when Plaintiff worked at least 5 days



per week, or approximately 54 hours per week, Plaintiff did not get all of her federal or Florida minimum wages ($25 x 5 = $125/ 54 = $2.315 per hour, which is less than the federal and Florida minimum wage).

20. No tip credit applies to Plaintiff because Corporate Defendant took more than the allowed "tip credit" for each hour that Plaintiff worked. In addition, Corporate Defendant did not comply with the "tip credit" requirements of the FLSA, including the requirement that the Corporate Defendant give notice of the "tip credit" to the Plaintiff.

21. Plaintiff seeks to recover unpaid overtime and minimum wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

22. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime and minimum wages is as follows:

   a. **Actual Damages: $34,408.70**

      i. Calculation:

         A. MINIMUM WAGES

         2018: $125 (approximate weekly pay) / 54 (average weekly hours worked) = $2.3148 - $8.25 = $5.935 x 54 = $320.50 x 29.857 (compensable weeks in 2018) = **$9,569.17**

         2019: $125 (approximate weekly pay) / 54 (average weekly hours worked) = $2.3148 - $8.46 = $6.1452 x 54 = $331.84 x 52 (compensable weeks in 2019) = **$17,255.72**



www.saenzanderson.com

2020: $125 (approximate weekly pay) / 54 (average weekly hours worked) = $2.3148 - $8.56 = $6.2452 x 54 = $337.2408 x 7 (compensable weeks in 2020) = **$2,360.69**

B. OVERTIME WAGES

2018: $8.25 x .5 x 14 (average overtime hours) x 29.857 (compensable weeks in 2018) = **$1,724.24**

2019: $8.46 x .5 x 14 (average overtime hours) x 52 (compensable weeks in 2019) = **$3,079.44**

2020: $8.56 x .5 x 14 (approximate weekly pay) x 7 (compensable weeks in 2020) = **$419.44**

b. **Liquidated Damages: $34,408.70**

c. **Total Damages: $68,817.40** plus reasonable attorneys' fees and costs of suit.

23. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty, and employees who were not properly paid their rightfully earned minimum wages.



www.saenzanderson.com

24. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime and minimum wages and remains owing Plaintiff and those similarly situated these overtime and minimum wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

25. The Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

26. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and



www.saenzanderson.com

E. Grant such other and further relief as this Court deems equitable and just.

## COUNT II: WAGE AND HOUR VIOLATION BY
## ESTEBAN MUNNE (OVERTIME AND MINIMUM WAGES)

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 above as if set out in full herein.

28. At the times mentioned, the Individual Defendant was, and is now, the Owner and/or Officer of the Corporate Defendant. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff, through his managers, with her work schedule, and is jointly liable for Plaintiff's damages.

29. The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

30. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime and minimum wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

31. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.



www.saenzanderson.com

8

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

Dated: October 1, 2020.                              Respectfully submitted,

**By: /s/ Tanesha Blye**
Tanesha Blye, Esquire
Fla. Bar No.: 0738158
Email: tblye@saenzanderson.com

Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*



www.saenzanderson.com