UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-24028-WILLIAMS/MCALILEY

ALBA QUINTERO,

    Plaintiff,

v.

D.T.M. ENTERPRISES, INC., and
ESTEBAN MUNNE,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON**
**AMENDED MOTION FOR DEFAULT JUDGMENT**

Plaintiff, Alba Quintero, filed suit against D.T.M. Enterprises, Inc. d/b/a Cafe Faray, and its owner and/or operator Esteban Munne ("Defendants") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, for unpaid minimum and overtime wages. (ECF No. 1). The Court now has before it Plaintiff's Amended Motion for Final Default Judgment (the "Amended Motion") against Defendants, which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF Nos. 17, 18). Defendants have not filed a response and the deadline to do so has passed.

**I.    Background**

Defendants, who were served with the Complaint, have not responded to it, and no attorney has entered an appearance on their behalf, nor filed any pleading with the Court. On November 10, 2020, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered a default against Defendants. (ECF No. 9). The Court ordered Plaintiff

to file a motion for default judgment that "reference[s] specific legal authority establishing Plaintiff's entitlement to the relief sought and demonstrating that service was proper." (ECF No. 10).

A month later, Plaintiff filed a Motion for Final Default Judgment. (ECF No. 11). The Motion failed to demonstrate that service was proper and therefore, to ensure that Defendants received notice of this lawsuit, the Court ordered Plaintiff to, *inter alia*, personally serve Defendants with the Complaint and summonses, and other filings in this action. (ECF No. 13). Plaintiff did so. (ECF No. 15).

The Court then reviewed Plaintiff's Motion and found that it did not include any analysis to demonstrate that the Complaint's factual allegations state a plausible claim for relief. The Court denied the Motion without prejudice and allowed her to file an amended motion. (ECF No. 16).

Plaintiff waited nearly a year, then filed the Amended Motion. Plaintiff offered no explanation for this year-long delay. The Amended Motion is sufficient, with the exception that it does not include legal authority that demonstrates that the allegations which appear conclusory, are sufficient to withstand a motion to dismiss. (ECF No. 17). Rather than order Plaintiff, once again, to amend her Motion, the Court conducted its own research.

For the reasons that follow, I recommend that the Court grant Plaintiff's Amended Motion in part; specifically, that it enter a default judgment against Defendants in the amounts Plaintiff requests, but that it award Plaintiff only a portion of the attorneys' fees and costs that her attorneys request.

## II. Standard

A court may enter a default judgment against a defendant who has failed to plead or otherwise defend against the lawsuit. *See* Fed. R. Civ. P. 55(b)(2). Before it may do so, the Court must determine that there is "a sufficient basis in the pleadings for the judgment entered," which finding is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quotation marks and citation omitted). When a defendant defaults, it admits as true all well-pleaded factual allegations in the complaint. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

## III. Analysis

The Complaint alleges two causes of action, both for unpaid minimum wages and overtime wages; Count I is addressed to the corporate Defendant and Count II is filed against the individual Defendant.

To state a claim for unpaid minimum and overtime wages, a plaintiff must allege that (1) the defendant employed her, (2) the plaintiff was engaged in commerce or employed by an enterprise engaged in commerce, and (3) her employer did not pay her the required minimum wage or overtime compensation. *Holtz v. Bagel Market, Inc.*, No. 12-62040-CIV, 2013 WL 12141515, at *2 (S.D. Fla. Apr. 29, 2013) (citation omitted); *see also Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008) (citing 29 U.S.C. § 207(a)); *Jimenez v. Reeder Med. Testing, LLC*, No. 11-61817, 2012 WL 13134316, at *3 (S.D. Fla. Sept. 10, 2012) (citing *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008)).

The FLSA mandates a minimum hourly wage that employers must pay their employees in a 40-hour workweek, and if a state establishes a higher wage, then employers must pay no less than that amount. 29 U.S.C. 206(a)(1); 29 C.F.R. § 541.4. Florida's minimum hourly wage is higher than that set by the FLSA. Specifically, the minimum wage in 2018 was $8.25/hour; in 2019, $8.46/hour; and in 2020, $8.56/hour. *Compere v. Nusret Miami, LLC*, 28 F.4th 1180, 1183 (11th Cir. 2020); *Mercedes v. HZ & J Servs., LLC*, No. 20-cv-565, 2021 WL 1830973, at *7 n.3 (M.D. Fla. Jan. 27, 2021). The FLSA also requires employers to pay their employees at a rate of one-and-a-half times the regular rate of pay for each hour worked in excess of 40 hours. 29 U.S.C. § 207(a)(1).

Munne, the individual defendant, may be jointly and severally liable for Plaintiff's damages if he qualifies as an employer under the FLSA. *Posso v. Rent-A-Car of Ft. Lauderdale, Inc.*, No. 13-61016-Civ, 2013 WL 12157799, at *2 (S.D. Fla. Nov. 1, 2013) (citation omitted). To be an employer, an individual defendant "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* (quoting *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008)).

The Court has reviewed the factual allegations of the Complaint and finds that both counts state claims for relief. Plaintiff alleges that she worked for Defendants as a server, cook and cashier, and also provided janitorial services and maintenance to Defendants' gambling machines, from approximately June 5, 2018, through February 13, 2020. (ECF No. 1 at 4 ¶¶ 13, 16-17). She alleges that Cafe Faray is a restaurant and cafeteria that grossed in excess of $500,000 annually and "operates as an organization which sells and/or

4

markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states ... and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce ...." (*Id.* at 3-4 ¶¶ 9, 11, 12). Together, this is sufficient to establish that Cafe Faray is an enterprise engaged in commerce that employed Plaintiff. *See Roberts v. Caballero & Castellanos, PL*, No. 09-23131-CIV, 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010); *Perez v. Muab, Inc.*, No. 10-62441-Civ, 2011 WL 845818, at *2 (S.D. Fla. Mar. 7, 2011). Plaintiff also alleges that she worked an average of 54 hours per week, for 89 weeks, five days a week and received approximately $25/day (which amounts to $2.315/hour) and no overtime wages. (ECF No. 1 at 4-5 ¶¶ 14, 17, 18, 19). She has thus pled that that she was not paid the required minimum and overtime wages.

Plaintiff has also sufficiently pled Defendant Esteban Munne's liability as a joint employer. She alleges that he is the owner and/or operator of Cafe Faray who "had operational control of [Cafe Faray], was involved in the day-to-day functions of [Cafe Faray], provided Plaintiff, through his managers, with her work schedule" and was "in control of [Cafe Faray]'s financial affairs". (*Id.* ¶¶ 28, 29). *See Posso*, 2013 WL 12157799, at *2; *Roberts*, 2010 WL 114001, at *4.

An FLSA claim must be "commenced within two years after the cause of action accrued ... except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." *See* 29 U.S.C. § 255(a). To

5

demonstrate willfulness, a plaintiff must show that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *Palacios v. Shift*, No. 21-cv-00030, 2021 WL 3493165, at *4 (N.D. Ga. June 23, 2021) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

Plaintiff seeks to recover unpaid overtime and minimum wages from the date of hire and/or from three years back from the date she filed her Complaint. (ECF No. 1 at 5 ¶ 21). As noted, Plaintiff commenced her employment with Defendants on June 5, 2018, and her employment concluded fewer than three years later, on February 13, 2020. (*Id.* at 4 ¶ 17). She alleges that Cafe Faray "knew and/or showed reckless disregard for the provisions of the FLSA", (*id.* at 7 ¶ 24), and that both Defendants acted willfully. (*Id.* at 7 ¶ 25, 8 ¶ 30). Those allegations appear conclusory, but courts have held that at this stage plaintiffs need not allege more facts to survive a motion to dismiss. *See Palacios*, 2021 WL 3493165, at *4; *see also Crossley v. Armstrong Homes, Inc.*, No. 14-cv-636, 2015 WL 2238347, at *5 (M.D. Fla. May 12, 2015) ("Plaintiff's allegation that Defendants' conduct was willful is sufficient to withstand dismissal.") (citations omitted); *Arroyo v. Nexus Servs. of Va., Inc.*, No. 19-63125-CIV, 2020 WL 9671337, at *2 (S.D. Fla. May 27, 2020) ("Because Plaintiff alleges that Defendant's FLSA violation was willful and reckless, the three-year limitations period applies.").

As for damages, Plaintiff attached an affidavit to her Amended Motion that calculates them. *See* (ECF No. 17-1). The Court has reviewed those calculations and finds that they are accurate. Because her damages are a "sum that can be made certain by computation", *see* Fed. R. Civ. P. 55(b)(1), the Court may enter a judgment in that amount

6

with no need for an evidentiary hearing. *Holtz*, 2013 WL 12141515, at *2 ("A court need not conduct an evidentiary hearing to determine the amount of damages as long as the record contains evidence allowing the court to ascertain damages from mathematical calculations and detailed affidavits.) (quotation marks and citations omitted). Plaintiff is entitled to recover total wages in the amount of $34,408.70, and liquidated damages in the same amount. *See* 29 U.S.C. § 216(b). Accordingly, I recommend that the Court enter final judgment for Plaintiff in the amount of **$68,817.40**.

## IV. Attorneys' fees and costs

In her Amended Motion, Plaintiff also asks the Court to enter an award of attorneys' fees in the total amount of $7,116.25, and costs that total $710.00. (ECF No. 17 at 11). The FLSA requires courts to, in addition to any judgment awarded to the plaintiff, order the defendant to pay the plaintiff's reasonable attorneys' fees and costs. 29 U.S.C. § 216(b).

"A party seeking to recover attorneys' fees bears the burden of providing specific and detailed evidence so that a determination can be made of the necessity of the action and the reasonableness of the time claimed for the action." *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *14 (S.D. Fla. July 15, 2011) (citing *ACLU of Ga. v. Barnes*, 168 F.3d 427, 432-33 (11th Cir. 1999)).

The Amended Motion included no billing records or invoices to support her claim, as is required by Local Rule 7.3(a). The Court had to order her counsel to file those documents so that the Court could assess the reasonableness of the fees sought. (ECF No. 19). They did. (ECF No. 20).

7

"The first step in computing a reasonable fee is to determine the lodestar, which is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) (citation omitted). The Court should exclude hours that are "excessive, redundant, or otherwise unnecessary." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (citation omitted). The Court may use its own knowledge and experience in determining the reasonableness of attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted). "If the district court finds that the number of hours claimed is unreasonably high, the court may either conduct an hour-by-hour analysis or it may reduce the hours using an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 380 F. App'x 888, 891 (11th Cir. 2010) (citation omitted).

Plaintiff seeks the following hourly rates for her attorneys and other individuals at the law firm of Saenz & Anderson, PLLC: $400 for Ruben Martin Saenz, Esq., $250 for Aron Smukler, Esq., and $75 for a paralegal and a law clerk. (ECF No. 17-2 at 3-4 ¶¶ 18-19).[1]

---

[1] Mr. Saenz's affidavit, which Plaintiff filed with her Amended Motion, suggests that one law clerk and one paralegal billed for work at a rate of $75 per hour. (ECF No. 17-2 at 4 ¶ 19). The billing records, however, reflect three individuals, with the initials "UL", "AGT" and "BLG", that billed at that rate, and some of their entries reflect a lower rate of $50/hour. (ECF No. 20 at 8-12).

Mr. Saenz is a majority owner of the firm Saenz & Anderson, PLLC. (ECF No. 17-2 at 2 ¶ 7). He has been an attorney for twenty years and he specialized in employment law. (*Id.* ¶¶ 7-10). Mr. Saenz reports that he has authored many articles, chapters, and books on this subject and that he has been recognized for his skill and expertise. (*Id.* at 2-3 ¶¶ 11-12). Indeed, Court records reflect that Mr. Saenz has represented scores of plaintiffs in FLSA actions before this Court. His associate, Mr. Smukler, has been an attorney at the firm for two years. (*Id.* at 3 ¶ 18). Plaintiff provides no information regarding "the identity, experience, and qualifications" for the paralegal and law clerk, as the Local Rules of this Court require. S.D. Fla. L.R. 7.3(a)(5)(A).

The Court has considered this information, in light of the quality of Plaintiff's counsel's filings in this uncomplicated FLSA action and finds that the total amount of fees that Plaintiff seeks is excessive and therefore unreasonable.

To justify their billing rates, Mr. Saenz and his law firm hold themselves out as experts in employment law. "[E]xpertise and experience in a legal area comes with knowledge, efficiency, and self-confidence, which should reduce the number of hours necessary for the tasks involved in a case." *Caplan v. All Am. Auto Collision, Inc.*, --- F.4th ----, No. 19-14099, 2022 WL 1939553, at *5 (11th Cir. June 6, 2022) (quoting *Glassroth v. Moore*, 347 F.3d 916, 919-20 (11th Cir. 2003)) (alteration adopted) (quotation marks omitted). The benefit of this experience has not been on display here.

To begin, Plaintiff's counsel ignored this Court's short and simple paperless order, directed to Plaintiff's counsel, that its motion for default judgment must "reference specific legal authority establishing Plaintiff's entitlement to the relief sought and demonstrating

9

that service was proper." (ECF No 10). Reading and following court orders is among the most basic obligations of counsel, and Plaintiff's counsel did not do that here. Their first Motion for Final Default Judgement failed to demonstrate that their service on Defendants was proper, and that the Complaint was well-plead. *See* (ECF No. 11). These are elementary requirements of a motion for default judgment. This Court had to take the time, twice, to order Plaintiff to comply with that court order. (ECF Nos. 13, 16). Then, when Plaintiff's counsel, in their Amended Motion, asked this Court to award over $8,000 in attorneys' fees and costs, they did so without providing any evidentiary support, and the Court had to enter yet another order directing Plaintiff's counsel to meet this essential requirement of a motion for attorneys' fees and costs. *See* (ECF No. 19).

Plaintiff's counsel's unnecessary delays in prosecuting this action also fall short of the conduct the Court expects of experienced and skilled counsel. They caused avoidable delay when they failed to file a motion for default judgment that met the minimum requirements established by this Court in its paperless order, and by binding case law. They further delayed this action, by close to a year, by waiting that long after the Court rejected their first motion, to file the now-pending Amended Motion. And in that filing, they offered no explanation or apology for this extraordinary delay.

Turning to their billing records, Plaintiff's counsel fail to fully justify the amount of fees and costs that they ask this Court to impose on Defendants. About half of the billing entries reflect work performed by a paralegal and/or law clerk, and most of those hours indicate work that is not compensable, such as tasks to "upload docs", "calendar deadlines", "scan", "send email", "do envelopes", "print letter", "call client" and "update

client info". *See* (ECF No. 20 at 8-12). These entries either reflect non-compensable clerical tasks, or they lack sufficient detail to allow this Court to determine that the work is "traditionally done by an attorney." *Desantis v. Atwood*, No. 20-CV-62004, 2022 WL 787973, at *4 (S.D. Fla. Mar. 2, 2022) ("A court may award fees for the work of paralegals, but only to the extent they perform work traditionally done by an attorney."), *report and recommendation adopted*, 2022 WL 783194, at *1 (S.D. Fla. Mar. 15, 2022); *see also Ramos v. Arba Constr. Inc.*, No. 20-25192-CIV, 2021 WL 4482659, at *2 (S.D. Fla. Aug. 25, 2021) (clerical work such as "scheduling, telephone calls, faxing, mailing, filing, and e-filing" is not compensable), *report and recommendation adopted*, 2021 WL 4480169, at *1 (S.D. Fla. Sept. 30, 2021). Some billing entries by attorneys lack detail to determine whether they are compensable, such as "ROS on Individual Defendant" or "re verified statement". Some also reflect "excessive, redundant, or otherwise unnecessary" hours, such as nearly seven hours they spent working on Plaintiff's Amended Motion. Plaintiff's counsel did this work over the course of about nine months, which is an inherently inefficient and unnecessarily time-consuming approach to preparing a legal memorandum, on a subject that is, frankly, routine.

      The lion's share of Plaintiff's requested attorneys' fees arose from their rewriting their motion for default judgment. The initial Motion for Final Default Judgment asked to recover $2,768.75 of attorneys' fees. (ECF No. 11-2). This number ballooned in Plaintiff's Amended Motion for Default Judgment, that now asks for $7,116.25 in attorneys' fees – an additional $4,347.50. Plaintiff's counsel's disappointing performance caused these additional attorneys' fees. It is fundamentally unfair to shift this expense to Defendants.

I conclude that the attorneys' fees Plaintiff's counsel incurred after they filed Plaintiff's Motion for Final Default Judgment (ECF No. 11) are "excessive, redundant, or otherwise unnecessary", *Norman,* 836 F.2d at 1301, and the Court should not order Defendants to pay them.

For the reasons stated here, I further conclude that the $2,768.75 of attorneys' fees that Plaintiff's counsel reported in its Motion for Final Default Judgment (ECF No. 11) should be further reduced to reflect a lower billing rate that is more aligned with the level of professionalism Plaintiff's counsel displayed in this action. I therefore recommend that the Court award Plaintiff attorneys' fees in the total amount of **$2,500.00**.

Plaintiff also asks to recover costs that total $710.00. (ECF No. 17 at 11). This amount represents: (i) $400.00 for filing the Complaint, (ii) $35.00 for service upon Defendant Cafe Faray, on October 13, 2020, (iii) $35.00 for service upon Defendant Esteban Munne, on October 13, 2020, (iv) $70.00 for service upon Cafe Faray, on February 6, 2021, and (v) $170.00 for service upon Esteban Munne, on March 26, 2021. (ECF No. 20 at 3-7).

Title 28 U.S.C. § 1920 sets forth what may be taxed as costs. The $400.00 filing fee that Plaintiff paid to the clerk is taxable under § 1920 and Plaintiff is entitled to recover it. *See Ramos*, 2021 WL 44826559, at *3 (citation omitted).

Costs for service of process are also included under § 1920, but "where a party seeks costs for multiple service attempts, the party must provide evidence justifying the need for multiple service attempts." *Id.* (citations omitted). Here, the Court ordered Plaintiff to serve Defendants for a second time, to ensure that they received notice of this lawsuit. (ECF

No. 13). I therefore find that Plaintiff may recover the costs for serving each Defendant twice.

Private process servers' fees, however, may not exceed the cost of having the U.S. Marshal's service effectuate service. *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. 2007) (citing *EEOC v. W&O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000)). At the time service of process occurred, the U.S. Marshals charged $65.00 per hour for each item served. Plaintiff provides no explanation why the Court should award costs for service above that amount. I therefore recommend that for each time Plaintiff effected service, the costs awarded should not exceed $65.00. *See Lezer Corp. v. Noble Partners, LLC*, No. 20-23235-Civ, 2021 WL 883492, at *3 (S.D. Fla. Feb. 19, 2021) (collecting cases), *report and recommendation adopted*, 2021 WL 880280, at *1 (S.D. Fla. Mar. 9, 2021). I recommend that the Court award Plaintiff a total of **$200.00** in costs for service of process.[2]

In sum, I recommend that the Court award Plaintiff **$600.00** in costs.

V.  **Recommendation**

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that the Court:

1. Grant in part Plaintiff's Amended Motion (ECF No. 17);

---

[2] $35 (for the Oct. 13, 2020, service upon Cafe Faray) + $35 (for the Oct. 13th service upon Esteban Munne) + $65 (for the Feb. 6, 2021, service upon Cafe Faray) + $65 (for the March 26, 2021, service upon Esteban Munne) = $200.

2. Enter default final judgment in favor of Plaintiff and against Defendants D.T.M. Enterprises, Inc. d/b/a Cafe Faray and Esteban Munne on Counts I and II of the Complaint in the total amount of **$68,817.40**;

3. Award Plaintiff reasonable attorneys' fees in the amount of **$2,500.00** and costs in the amount of **$600.00**.

## VI.   Objections

**No later than 14 days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in chambers at Miami, Florida this 16th day of June 2022.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Kathleen M. Williams
      Counsel of record

      Esteban Munne
      7980 NW 156 Terrace
      Miami Lakes, FL 33016